```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                             15 Cr. 867 (RMB)

REZA ZARRAB,

                Defendant.

------------------------------x
                                          New York, N.Y.
                                          April 27, 2016
                                          10:00 a.m.


Before:

                   HON. RICHARD M. BERMAN,

                                          District Judge


                          APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
SID KAMARAJU
     Assistant United States Attorney

BENJAMIN BRAFMAN
MARE AGNIFILO
JOSHUA KIRSHNER
     Attorneys for Defendant

Also Present:  Jennifer McReynolds, FBI
               Scott Giessler, FBI
               George Esayan, Turkish Interpreter
```

1           THE COURT:  At the outset, Mr. Brafman, I wanted you
2  to know, which I think you do, I've arranged for a Turkish
3  interpreter.
4           Two questions; first, is that needed, and second, I
5  would ask Mr. Zarrab if he's able to understand the proceedings
6  with the help of that interpreter.
7           MR. BRAFMAN:  Yes, your Honor.  First, your Honor,
8  thank you.  Good morning.  It's always a privilege to appear
9  here.
10          We appreciate that you have requested an interpreter.
11 We are able to communicate with our client in English, but he
12 does prefer to use an interpreter for this proceeding, and
13 we're pleased that he is available for us.  We've had an
14 opportunity to speak with our client at length this morning
15 thanks to the courtesy of the Marshals, and we are prepared to
16 proceed.
17          THE COURT:  For the proceeding, we'll have
18 simultaneous translation, not backup?
19          MR. BRAFMAN:  Yes.
20          THE COURT:  Mr. Zarrab, you are able to understand
21 these proceedings with the help of the interpreter?
22          THE DEFENDANT:  I understand.
23          THE COURT:  Great.
24          I just wanted to make mention at the outset of
25 something that I think the parties should be aware of.  That

1  is, that I personally have been in Istanbul on one occasion.

2  And incidentally, on that occasion, I found Istanbul and its

3  people to be warm, welcoming, and beautiful.  Indeed, I found

4  it to be a fantastic city.

5          The occasion was May of 2014, and I was one of five

6  Americans, including three prominent constitutional law

7  professors, the Vermont Attorney General, and myself, among 20

8  speakers in total to participate in an International Legal

9  Symposium for lawyers, law students, academics, and judges

10  about the rule of law.

11          The symposium was cosponsored by the United Nations

12  Local Compact and a leading Istanbul law firm, formerly an

13  affiliate of DLA Piper.  The name of that law firm is

14  YükselKarkinKüçük.  I will give you the spelling if you need

15  it.

16          The two-day program included the panel that I

17  moderated, which was entitled Independent and Effective

18  Judiciary.  My copanelists were Gabriela Knaul of Brazil.  She

19  is a United Nations special reporter.  Also, Professor Isil

20  Karakas of Turkey.  She's with the European Court of Human

21  Rights.  Professor Lucian Mihai is the Former President of the

22  Constitutional Court of Romania.  And finally, Judge Thomas

23  Guddat of Germany.

24          I mention this as a matter of disclosure.  My

25  participation in this panel does not impact my ability to

1  preside over this case fairly and impartially, and to ensure

2  that Mr. Zarrab, who is presumed to be innocent, as you all

3  know, receives a fair and impartial hearing and eventual trial.

4  I'm distributing to counsel a copy of the outline I used for my

5  remarks at the symposium.

6              The business at hand, Mr. Brafman, I do not believe

7  there has been an arraignment yet in this matter.  I would ask

8  first if you and Mr. Zarrab have received and reviewed the

9  superceding indictment in this case.

10             MR. BRAFMAN:  Your Honor, we have, and we have had an

11  opportunity -- my partner, Mr. Agnifilo, has been able to

12  review it.  I have discussed it with Mr. Zarrab and waive a

13  reading, and he's prepared to enter a plea of not guilty to the

14  charges.

15             THE COURT:  Fine.  Thank you.

16             MR. BRAFMAN:  Might I add, your Honor, that with all

17  modesty, you have proven me correct.  I was familiar with your

18  Honor's remarks and appearance in Istanbul because, in our

19  thoroughness, we try and follow everything that everyone does.

20  And I think you know the great -- so I said that the first

21  thing the Judge is going to do is raise the fact that he

22  participated in the panel, so I'm glad that you proved me

23  correct.

24             You understand, I think, my great respect for this

25  Court, and my experience here has allowed me to conclude that

1  you are indeed a fair and impartial judge, so I appreciate your
2  giving us this.  We have seen nothing to date which would
3  suggest that you could not participate in any way, and
4  obviously, we appreciate the fact that you brought it to our
5  attention.
6          THE COURT:  Thank you.  My experience in the civil
7  cases that we've had is that, generally speaking, you're one
8  step ahead of me, and so you have proved me correct in that
9  regard.
10         MR. BRAFMAN:  Thank you, Judge.
11         THE COURT:  Having entered this not guilty plea, have
12 you, Mr. Brafman, and the government had a chance to meet and
13 confer as to next steps and timing in this matter?
14         MR. BRAFMAN:  Yes.  Your Honor, the government has
15 been very gracious in that regard.  We are not seeking to have
16 a detention hearing today.  We would like to adjourn that for a
17 date that would be convenient to the Court and the government.
18 We are hopeful that we might be able to reach a consent on that
19 issue, and if we are not able to, we would then notify the
20 Court for scheduling purposes so that your Honor could set a
21 detention hearing schedule at the Court's convenience, and we
22 would then seek to advise the Court in writing of what our
23 proposal is so that you have an opportunity to review
24 everything in advance.
25         The government this morning informed us that they are

1   going to expedite discovery.  As you can imagine, it involves
2   voluminous materials, but they have agreed to provide us in a
3   format that hopefully we can use as expeditiously as possible.
4              We talked, I think, about possibly 30 days to get that
5   done, or at least begin the process, and if we want to have the
6   detention hearing before that, which we will, obviously, we
7   will, of course, notify the Court.
8              THE COURT:  I would be happy to.  If you meet and
9   confer and work things out, so much the better.  If not, as and
10  when the time comes, I'll set a schedule for any submissions
11  you might want to make in advance of a hearing or conference.
12             MR. KAMARAJU:  Yes, your Honor.  Just to give the
13  Court some context with respect to the discovery.  It does
14  involve several categories, primarily email documents, bank
15  records, telephone records, and the like.  We're talking about
16  hundreds of thousands of pages here, and we've discussed with
17  defense counsel the best manner in which to provide it to them.
18  We would ask the Court to set 30 days.  We'll obviously work
19  with defense counsel to try to get it to them as quickly as
20  possible.
21             THE COURT:  Did you mean 30 days to come back here?
22             MR. KAMARAJU:  I meant 30 days for us to essentially
23  complete the discovery that we have now, and maybe we can set a
24  conference date after that.
25             THE COURT:  Mr. Brafman, is that okay with you?

1           MR. BRAFMAN:  Yes, your Honor.

2           THE COURT:  We can go off the record and talk about
3    when you think the two of you might want to come back.  I'd
4    like to set a date, and we can always change it if you're not
5    ready.

6           MR. KAMARAJU:  Absolutely, your Honor.

7           MR. BRAFMAN:  Your Honor, just so we're clear, sir,
8    we're going to agree on a date to come back to talk discovery
9    and motions, but if we want to do a detention hearing well in
10   advance, we'll simply convey it to the Court's deputy and see
11   if we can expedite that process?

12          THE COURT:  Exactly.

13          (Discussion off the record)

14          MR. BRAFMAN:  Your Honor, subject to the Court's
15   availability, we have agreed on the date of June 16th to come
16   back to indicate to the Court hopefully where we are up to, and
17   then, if appropriate, set a motion schedule with the
18   understanding that, with respect to detention, we anticipate
19   moving much more quickly and asking for a date fairly soon.

20          THE COURT:  Let's see if that works.  That does work.
21   How about 11:00 a.m. on June 16th?

22          MR. KAMARAJU:  That's fine for the government, your
23   Honor.

24          MR. BRAFMAN:  That's fine, Judge.

25          THE COURT:  I think it's pretty clear, but just to put

1   a fine point on it, June 16, 2016 at 11:00 a.m.  That would be
2   a status conference for the case, understanding that there may
3   be an earlier proceeding with respect to detention.
4              Is there an issue of speedy trial?
5              MR. BRAFMAN:  No.  We're going to consent to the
6   adjournment up through June 16th, your Honor.
7              MR. KAMARAJU:  Your Honor, the government would
8   obviously seek to exclude time based on the production of
9   discovery and to give defense counsel an opportunity to review
10  it.
11             THE COURT:  I'm going find under 18 United States
12  Code, Section 3161 that the request for adjournment joined in
13  by both sides is appropriate and warrants exclusion of the
14  adjourned time from speedy trial calculations.
15             I further find that the exclusion is designed to
16  prevent any possible miscarriage of justice, to facilitate
17  these proceedings, including the discovery process, and to
18  guarantee effective representation of and preparation by
19  counsel for both parties.
20             Thus, the need for exclusion and the ends of justice
21  outweigh the interest of the public and the defendant in a
22  speedy trial pursuant to 18 United States Code, Section
23  3161(h)(7)(A) and (b).  That adjourn date is without prejudice,
24  as we've said, to parties coming back earlier to discuss the
25  issue of detention or any other issue that they may wish to

1  raise.
2           Anything else from the government?
3           MR. KAMARAJU:  Nothing further from the government.
4           MR. BRAFMAN:  Nothing, sir.
5           THE COURT:  Nice to see you all.  Thank you.
6           (Adjourned)