**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7243**

WRITER'S INTERNET ADDRESS
**christinechung@quinnemanuel.com**

August 23, 2016

<u>VIA E-MAIL</u>

Michael D. Lockard, Esq.
Sidhardha Kamaraju, Esq.
David W. Denton, Esq.
United States Attorney's Office for the
 Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Re:   <u>United States v. Reza Zarrab</u>, et al., S1 15 Cr. 867 (RMB)

Dear Counsel:

On behalf of our client, Reza Zarrab, and pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), we write to provide you with a written summary of the expert testimony we expect to introduce under Rules 702, 703, or 705 of the Federal Rules of Evidence, in the event the case proceeds to trial.  The defense expects to call R. Richard Newcomb, former Director of the Office of Foreign Assets Control ("OFAC"), U.S. Department of the Treasury, and currently a partner at the law firm of DLA Piper LLC, as an expert witness based on his 35 years of experience in the sanctions field, including 18 years as Director of OFAC.  We anticipate that Mr. Newcomb will give the opinions described below, but we reserve the right to update this disclosure with new or additional opinions in advance of trial.

Expert Witness R. Richard Newcomb

Summary of the Witness' Opinions

Mr. Newcomb will testify that he was the Director of OFAC from 1987 through 2004 and that during that time, OFAC developed and implemented the Iranian Transactions Regulations ("ITR") that, under their current name, the Iranian Transactions and Sanctions Regulations ("ITSR"),

Michael D. Lockard, Esq.
Sidhardha Kamaraju, Esq.
David W. Denton, Esq.
August 23, 2016
Page **2**

are at issue in this case.  The ITR were promulgated under Mr. Newcomb's signature, and he oversaw their implementation and enforcement in his role as head of OFAC.  Since leaving OFAC, Mr. Newcomb has engaged in the private practice of law, with a focus on sanctions.  As part of his practice, Mr. Newcomb has represented clients having issues or questions relating to the ITR and ITSR and other OFAC programs.

Mr. Newcomb will testify as to the policies and practices of OFAC with respect to the application of sanctions programs to financial transactions.  Mr. Zarrab is charged with willfully engaging in and/or causing the export of services from the United States to Iran—specifically, correspondent banking services provided by a U.S. bank, in violation of Sections 204 and 203 of the ITSR.  Mr. Newcomb will testify about the understanding and practice of OFAC during his tenure, the historical basis for that practice, and the application of sanctions regulations, including Sections 204 and 203 to U.S. persons.  That practice and application did not reach foreign bank customers who are individuals and not U.S. persons (hereafter, "non-U.S. individuals") acting outside the United States, like Mr. Zarrab.

This limit derives directly from the fact that the statute under which the ITR and ITSR were promulgated, the International Emergency Economic Powers Act ("IEEPA"), authorizes only the regulation of transactions and activities "by any person, or with respect to any property, subject to the jurisdiction of the United States."  The term "person subject to the jurisdiction of the United States" has a long history in the U.S. sanctions context.  For decades, including in the predecessor statute to IEEPA, the Trading with the Enemy Act ("TWEA"), a "person subject to the jurisdiction of the United States" meant, at the outer limit:  (1) any person who is a citizen or resident of the United States; (2) any person actually within the U.S.; (3) any corporation organized under the laws of the U.S. or of any state, territory, or district of the U.S.; and (4) any partnership, association, corporation or other organization, wherever organized or doing business, owned or controlled by persons specified in (1) through (3).  In its adoption, implementation and administration of the ITR, OFAC adhered to this regulatory definition, which does not reach actions by non-U.S. individuals, such as Mr. Zarrab, that take place abroad.

Mr. Newcomb will testify that given the jurisdictional limits of IEEPA, among other reasons, Mr. Zarrab, a non-U.S. individual, could not have violated § 560.204's prohibition on the exportation of services to Iran from the United States or by a U.S. person.  Nor, could Mr. Zarrab have violated § 560.203 by causing a violation by the U.S. banks of § 560.204's prohibition on the exportation of financial services to Iran.  In particular, § 560.203 does not apply to conduct by non-U.S. individuals that occurs entirely outside the United States.

Mr. Newcomb will explain that the allegation in the Indictment that provides the foundation for the charge that Mr. Zarrab caused others to violate the ITSR—that Mr. Zarrab caused U.S. dollar clearing to take place in the United States, by making funds transfers in dollars from one foreign country, like Turkey, to another foreign country, like China or Canada—misunderstands who has the ability to direct dollar clearing.  It is the responsibility of the non-U.S. bank to determine how a transaction should be processed.  The U.S. Government's focus in the context of such transactions

Michael D. Lockard, Esq.
Sidhardha Kamaraju, Esq.
David W. Denton, Esq.
August 23, 2016
Page **3**

has long been to require that banks and their correspondents worldwide institute adequate internal controls, and for OFAC to employ, as warranted, other effective tools at its disposal, such as SDN ("Specially Designated National") designation or other secondary sanctions, to prevent U.S. persons from transacting with non-U.S. persons in a manner that would undermine the goals of the sanctions.

Mr. Newcomb will testify that primary sanctions under IEEPA are limited to regulate the conduct of "persons subject to the jurisdiction of the United States" and not to create a global sanctions regime that regulates the conduct outside the United States of individuals who are not U.S. persons. Indeed, there have been occasions on which the President of the United States has issued Executive Orders under IEEPA that approach the limit of the authority granted by the phrase "persons subject to the jurisdiction of the United States"—for example, by regulating foreign subsidiaries of U.S. companies. Even in those instances, outcry from other nations that the U.S. is violating principles of comity and international law have been vocal. Creating such international friction is counterproductive to the goals of a sanction program, which include inducing potential allies to impose sanctions that complement U.S. efforts, as a means of enhancing international security as well as the security of the United States.

Mr. Newcomb will describe publicly available OFAC guidance on "who is subject to OFAC restrictions." That guidance reflects the longstanding policy of OFAC not to target non-U.S. individuals acting entirely outside the United States. Mr. Newcomb will explain that in light of OFAC's public pronouncements (*e.g.*, FAQ 11) and no record of criminal enforcement proceedings of persons in Mr. Zarrab's position, Mr. Zarrab would have had no reason to conclude that the dollar transactions at issue in this case were unlawful.[1]

---

[1] Mr. Zarrab's defense counsel plans to offer the testimony described in the above paragraph to help the jury assess the reasonableness of Mr. Zarrab's belief that his conduct was legal. *United States v. Lankford*, 955 F.2d 1545, 1550-51 (11th Cir. 1993) (finding abuse of discretion and reversing conviction where district court excluded defense expert's testimony showing reasonableness of defendant's belief in the legality of his conduct, concluding that "evidence of a belief's reasonableness tends to negate a finding of willfulness and to support a finding that the defendant's belief was held in good faith"); *see also United States v. Onumonu*, 967 F.2d 782, 787-88 (2d Cir. 1992) (finding abuse of discretion and reversing conviction where trial court precluded defense expert from testifying as to the feasibility and sensibility of defendant's belief that he was smuggling diamonds, instead of drugs).

Michael D. Lockard, Esq.
Sidhardha Kamaraju, Esq.
David W. Denton, Esq.
August 23, 2016
Page **4**

Mr. Newcomb's Qualifications

      Mr. Newcomb served as OFAC Director from 1987 to 2004. In that time, he oversaw the implementation of some 39 different sanctions regimes, including the ITR. In his role as OFAC Director, Mr. Newcomb oversaw the drafting and implementation of the ITR, later renamed the ITSR. During the time that he was OFAC Director, he provided advice to other agencies of the U.S. government, including the White House, on the sanctions policy and the application of the sanctions. He has testified before Congress on dozens of occasions on various sanctions matters, including the Iran sanctions.

      Mr. Newcomb is currently in private practice with the law firm of DLA Piper LLC, where he chairs the International Trade Practice Group and specializes in assisting with the regulatory aspects of financial transactions, including assets controls and embargo and trade sanctions compliance.

      A copy of Mr. Newcomb's curriculum vitae, attached to this letter as Exhibit A, provides further details of Mr. Newcomb's background and expertise. A signed letter by Mr. Newcomb confirming his agreement to serve as an expert witness for the defense in this case is attached to this letter as Exhibit B.

      Sincerely,

      Christine H. Chung

Attachment

cc:    Honorable Richard M. Berman (via ECF)
       Co-counsel of Record

# EXHIBIT A





### Richard Newcomb
Partner
CHAIR, INTERNATIONAL TRADE PRACTICE GROUP

[email protected]

Washington, DC
T: +1 202 799 4434
F: +1 202 799 5434

Richard Newcomb has considerable international experience dealing with target governments, front-line states, like-minded allies, multilateral organizations (the United Nations, the European Union and others), financial and business communities worldwide, and others who are responsible for compliance with asset controls and economic sanctions and embargo programs.

Richard is adept at handling regulatory procedures relating to international transactions, including navigating the requirements of the Committee on Foreign Investment in the United States (CFIUS), the Bank Secrecy Act (and anti-money laundering laws), Export Administration Act, Anti-Boycott compliance, US Customs law and the relevant portions of the Patriot Act.

## CREDENTIALS

### Admissions
- District of Columbia
- Ohio

### Prior Experience
Richard joined DLA Piper after chairing the International group at another large law firm.

From 1987 to 2004, Richard served as director of the Office of Foreign Assets Control (OFAC) of the United States Treasury Department. Throughout his tenure, Richard oversaw the administration and enforcement of 39 economic sanctions programs in furtherance of US foreign policy and national security goals. His leadership guided the agency through many of the major foreign policy challenges the nation has experienced in the past two decades, from the advent of multilateral sanctions against Iraq in 1990—coupled with a protective blocking of US $50 billion in Kuwaiti assets—to the transformation of the agency after the attacks of September 11, 2001, to track and disrupt terrorist organizations and their financing networks.

In his time at OFAC, Richard was responsible for implementing economic sanctions and asset controls against Burma, Cuba, Iran, Liberia, Libya, Sudan, Zimbabwe, narcotics traffickers in Colombia and narcotics kingpins and their networks operating worldwide, as well as for maintaining the prohibition against financial transactions with Syria. Other economic sanctions that he implemented and saw through to completion included programs targeting the Taliban, North Korea, Serbia, Angola, Haiti, South Africa, Panama, Vietnam and Cambodia.

Throughout his time at OFAC, the agency played a significant role within the domestic and the international communities, confirming that economic sanctions can be an effective tool of international diplomacy. The strategies developed under his leadership and supervision for implementing sanctions and targeting terrorists are among the principal tools used today to wage the war on terrorism and terrorist financing.

"[W]hen Newcomb is on your team, government attorneys take you seriously—he has a tremendous amount of credibility," client quoted in *Chambers USA*

#### RELATED SERVICES
- International Trade, Regulatory and Government Affairs
- International Trade
- Insurance and Reinsurance Disputes

#### RELATED SECTORS
- Insurance

DLA Piper is a global law firm operating through various separate and distinct legal entities. Further details of these entities can be found at www.dlapiper.com. This may qualify as "Attorney Advertising" requiring notice in some jurisdictions. Prior results do not guarantee a similar outcome. Copyright © 2016 DLA Piper. All rights reserved.

Prior to his assignment with OFAC, Richard held a number of other positions in the Treasury Department, including director of the Office of Trade and Tariff Affairs and deputy to the assistant secretary (Regulatory, Trade and Tariff Affairs), where he was the principal advisor to the assistant secretary for enforcement on customs, international trade, commercial and regulatory matters.

## Recognitions

- President Reagan's Presidential Rank Meritorious Executive Award
- President Clinton's Presidential Rank Distinguished Executive Award
- President George H. W. Bush's Presidential Rank Distinguished Executive Award
- The Treasury Medal, United States Department of the Treasury
- Department of the Treasury Management Excellence Award
- Outstanding International Law Office Award, American Bar Association Section of International Law
- Superior Public Service Award, US Department of the Navy
- Listed in *Chambers USA:* Nationwide International Trade
- Listed in *Chambers Global* for USA International Trade: Export Controls & Economic Sanctions
- Listed in The Best Lawyers in America® in the area of International Trade and Finance Law (2008 – present)
- Albert Gallatin Award

*Chambers USA* has repeatedly recognized Richard for "his praiseworthy expertise in economic sanctions matters. As former director of OFAC, he brings a wealth of experience to his private practice. Clients see this as a major draw, asserting 'when Newcomb is on your team, government attorneys take you seriously—he has a tremendous amount of credibility.'" Clients have described him as "an in-house counsel's dream," "an esteemed expert, very responsive and highly practical." Richard "is a highly regarded 'subject matter expert' in sanctions work." He has also been recognized in *Chambers Global*, which has stated that "the 'superlative' Richard Newcomb"... "is proficient in handling a wide range of trade issues, and is best known for his expertise in export regulations and economic sanctions."

## Education

- J.D., Case Western Reserve University School of Law
- B.A., Kenyon College

## Courts

- Court of International Trade

## Memberships

- District of Columbia Bar Association

DLA Piper is a global law firm operating through various separate and distinct legal entities. Further details of these entities can be found at www.dlapiper.com. This may qualify as "Attorney Advertising" requiring notice in some jurisdictions. Prior results do not guarantee a similar outcome. Copyright © 2016 DLA Piper. All rights reserved.

# EXHIBIT B



**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Richard Newcomb
richard.newcomb@dlapiper.com
T  202.799.4434
F  202.799.5434

August 23, 2016

Aaron T. Wolfson, Esq.
Lewis Baach pllc
The Chrysler Building
405 Lexington Avenue
62nd Floor
New York, NY  10174
*aaron.wolfson@lewisbaach.com*

Christine Chung, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010-1601
*christinechung@quinnemanuel.com*

Re:   United States v. Reza Zarrab, et al., S1 15 Cr. 867

Dear Counsel:

I write to confirm that I have been retained to serve as an expert witness for the defense in the above-captioned case.

I have reviewed the letter written by the Quinn Emanuel firm which accompanies this letter. I understand that that letter will be provided to the U.S. Attorney's Office and to the Court as a means of giving notice of the testimony that I will be offering, should Mr. Zarrab's case proceed to trial.

I confirm that I am prepared to offer the testimony and opinions summarized in that letter, but I reserve the right to expand and update the disclosure with additional opinions and materials prior to trial. I confirm my qualifications are accurately described in the letter.

Very truly yours,

DLA Piper LLP (US)

*Richard Newcomb*

Richard Newcomb

RN

EAST\128028249.1