# EXHIBIT C

United States Code Annotated
 Title 18. Crimes and Criminal Procedure (Refs & Annos)
  Part I. Crimes (Refs & Annos)
   Chapter 113B. Terrorism (Refs & Annos)

This section has been updated. Click here for the updated version.

18 U.S.C.A. § 2339B

§ 2339B. Providing material support or resources to designated foreign terrorist organizations

Effective: ~~October 26, 2001 to~~ December ~~16,~~17, 2004 to November 30, 2009

**(a) Prohibited activities.--**

**(1) Unlawful conduct.**--Whoever~~, within the United States or subject to the jurisdiction of the United States,~~ knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 15 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), or that the organization has engaged or engages in terrorism (as defined in section 140(d) (2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

**(2) Financial institutions.**--Except as authorized by the Secretary, any financial institution that becomes aware that it has possession of, or control over, any funds in which a foreign terrorist organization, or its agent, has an interest, shall--

**(A)** retain possession of, or maintain control over, such funds; and

**(B)** report to the Secretary the existence of such funds in accordance with regulations issued by the Secretary.

**(b) Civil penalty.**--Any financial institution that knowingly fails to comply with subsection (a)(2) shall be subject to a civil penalty in an amount that is the greater of--

**(A)** $50,000 per violation; or

**(B)** twice the amount of which the financial institution was required under subsection (a)(2) to retain possession or control.

**(c) Injunction.**--Whenever it appears to the Secretary or the Attorney General that any person is engaged in, or is about to engage in, any act that constitutes, or would constitute, a violation of this section, the Attorney General may initiate civil action in a district court of the United States to enjoin such violation.

**(d) Extraterritorial jurisdiction.--**

**(1) In general.**--There is jurisdiction over an offense under subsection (a) if--

**(A)** an offender is a national of the United States (as defined in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22))) or an alien lawfully admitted for permanent residence in the United States (as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)));

**(B)** an offender is a stateless person whose habitual residence is in the United States;

**(C)** after the conduct required for the offense occurs an offender is brought into or found in the United States, even if the conduct required for the offense occurs outside the United States;

**(D)** the offense occurs in whole or in part within the United States;

**(E)** the offense occurs in or affects interstate or foreign commerce; or

**(F)** an offender aids or abets any person over whom jurisdiction exists under this paragraph in committing an offense under subsection (a) or conspires with any person over whom jurisdiction exists under this paragraph to commit an offense under subsection (a).

**(2) Extraterritorial jurisdiction.**--There is extraterritorial Federal jurisdiction over an offense under this section.

**(e) Investigations.--**

**(1) In general.**--The Attorney General shall conduct any investigation of a possible violation of this section, or of any license, order, or regulation issued pursuant to this section.

**(2) Coordination with the Department of the Treasury.**--The Attorney General shall work in coordination with the Secretary in investigations relating to--

**(A)** the compliance or noncompliance by a financial institution with the requirements of subsection (a)(2); and

**(B)** civil penalty proceedings authorized under subsection (b).

**(3) Referral.**--Any evidence of a criminal violation of this section arising in the course of an investigation by the Secretary or any other Federal agency shall be referred immediately to the Attorney General for further investigation. The Attorney General shall timely notify the Secretary of any action taken on referrals from the Secretary, and may refer investigations to the Secretary for remedial licensing or civil penalty action.

**(f) Classified information in civil proceedings brought by the United States.**--

**(1) Discovery of classified information by defendants.**--

**(A) Request by United States.**--In any civil proceeding under this section, upon request made ex parte and in writing by the United States, a court, upon a sufficient showing, may authorize the United States to--

**(i)** redact specified items of classified information from documents to be introduced into evidence or made available to the defendant through discovery under the Federal Rules of Civil Procedure;

**(ii)** substitute a summary of the information for such classified documents; or

**(iii)** substitute a statement admitting relevant facts that the classified information would tend to prove.

**(B) Order granting request.**--If the court enters an order granting a request under this paragraph, the entire text of the documents to which the request relates shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

**(C) Denial of request.**--If the court enters an order denying a request of the United States under this paragraph, the United States may take an immediate, interlocutory appeal in accordance with paragraph (5). For purposes of such an appeal, the entire text of the documents to which the request relates, together with any transcripts of arguments made ex parte to the court in connection therewith, shall be maintained under seal and delivered to the appellate court.

**(2) Introduction of classified information; precautions by court.--**

**(A) Exhibits.**--To prevent unnecessary or inadvertent disclosure of classified information in a civil proceeding brought by the United States under this section, the United States may petition the court ex parte to admit, in lieu of classified writings, recordings, or photographs, one or more of the following:

**(i)** Copies of items from which classified information has been redacted.

**(ii)** Stipulations admitting relevant facts that specific classified information would tend to prove.

**(iii)** A declassified summary of the specific classified information.

**(B) Determination by court.**--The court shall grant a request under this paragraph if the court finds that the redacted item, stipulation, or summary is sufficient to allow the defendant to prepare a defense.

**(3) Taking of trial testimony.--**

**(A) Objection.**--During the examination of a witness in any civil proceeding brought by the United States under this subsection, the United States may object to any question or line of inquiry that may require the witness to disclose classified information not previously found to be admissible.

**(B) Action by court.**--In determining whether a response is admissible, the court shall take precautions to guard against the compromise of any classified information, including--

**(i)** permitting the United States to provide the court, ex parte, with a proffer of the witness's response to the question or line of inquiry; and

**(ii)** requiring the defendant to provide the court with a proffer of the nature of the information that the defendant seeks to elicit.

**(C) Obligation of defendant.**--In any civil proceeding under this section, it shall be the defendant's obligation to establish the relevance and materiality of any classified information sought to be introduced.

**(4) Appeal.**--If the court enters an order denying a request of the United States under this subsection, the United States may take an immediate interlocutory appeal in accordance with paragraph (5).

**(5) Interlocutory appeal.**--

**(A) Subject of appeal.**--An interlocutory appeal by the United States shall lie to a court of appeals from a decision or order of a district court--

**(i)** authorizing the disclosure of classified information;

**(ii)** imposing sanctions for nondisclosure of classified information; or

**(iii)** refusing a protective order sought by the United States to prevent the disclosure of classified information.

**(B) Expedited consideration.**--

**(i) In general.**--An appeal taken pursuant to this paragraph, either before or during trial, shall be expedited by the court of appeals.

**(ii) Appeals prior to trial.**--If an appeal is of an order made prior to trial, an appeal shall be taken not later than 10 days after the decision or order appealed from, and the trial shall not commence until the appeal is resolved.

**(iii) Appeals during trial.**--If an appeal is taken during trial, the trial court shall adjourn the trial until the appeal is resolved, and the court of appeals--

**(I)** shall hear argument on such appeal not later than 4 days after the adjournment of the trial;

**(II)** may dispense with written briefs other than the supporting materials previously submitted to the trial court;

**(III)** shall render its decision not later than 4 days after argument on appeal; and

**(IV)** may dispense with the issuance of a written opinion in rendering its decision.

**(C) Effect of ruling.**--An interlocutory appeal and decision shall not affect the right of the defendant, in a subsequent appeal from a final judgment, to claim as error reversal by the trial court on remand of a ruling appealed from during trial.

**(6) Construction.**--Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States to protect against the disclosure of classified information, including the invocation of the military and State secrets privilege.

**(g) Definitions.**--As used in this section--

**(1)** the term "classified information" has the meaning given that term in section 1(a) of the Classified Information Procedures Act (18 U.S.C. App.);

**(2)** the term "financial institution" has the same meaning as in section 5312(a)(2) of title 31, United States Code;

**(3)** the term "funds" includes coin or currency of the United States or any other country, traveler's checks, personal checks, bank checks, money orders, stocks, bonds, debentures, drafts, letters of credit, any other negotiable instrument, and any electronic representation of any of the foregoing;

**(4)** the term "material support or resources" has the same meaning ~~as~~given that term in section 2339A (including the definitions of "training" and "expert advice or assistance" in that section);

**(5)** the term "Secretary" means the Secretary of the Treasury; and

**(6)** the term "terrorist organization" means an organization designated as a terrorist organization under section 219 of the Immigration and Nationality Act.

**(h) Provision of personnel.**--No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

**(i) Rule of construction.**--Nothing in this section shall be construed or applied so as to abridge the exercise of rights guaranteed under the First Amendment to the Constitution of the United States.

**(j) Exception.**--No person may be prosecuted under this section in connection with the term "personnel", "training", or "expert advice or assistance" if the provision of that material support or resources to a foreign terrorist organization was approved by the Secretary of State with the concurrence of the Attorney General. The Secretary of State may not approve the provision of any material support that may be used to carry out terrorist activity (as defined in section 212(a)(3)(B)(iii) of the Immigration and Nationality Act).

**CREDIT(S)**

(Added Pub.L. 104-132, Title III, § 303(a), Apr. 24, 1996, 110 Stat. 1250, and amended Pub.L. 107-56, Title VIII, § 810(d), Oct. 26, 2001, 115 Stat. 380.380; Pub.L. 108-458, Title VI, § 6603(c) to (f), Dec. 17, 2004, 118 Stat. 3762, 3763.)

### AMENDMENT OF SUBSECTION (F)(5)(B)(II)

<Pub.L. 111-16, §§ 3(6), 7, May 7, 2009, 123 Stat. 1608, 1609, provided that, effective Dec. 1, 2009, subsec. (f)(5)(B)(ii) is amended by striking "10 days" and inserting "14 days".>

### AMENDMENT OF SUBSECTION (F)(5)(B)(III)(I)

<Pub.L. 111-16, §§ 3(7), 7, May 7, 2009, 123 Stat. 1608, 1609, provided that, effective Dec. 1, 2009, subsec. (f)(5)(B)(iii)(I) is amended by inserting after "trial" the following ", excluding intermediate weekends and holidays".>

### AMENDMENT OF SUBSECTION (F)(5)(B)(III)(III)

<Pub.L. 111-16, §§ 3(8), 7, May 7, 2009, 123 Stat. 1608, 1609, provided that, effective Dec. 1, 2009, subsec. (f)(5)(B)(iii)(III) is amended by inserting after "appeal" the following ", excluding intermediate weekends and holidays".>

18 U.S.C.A. § 2339B, 18 USCA § 2339B
Current through P.L. 114-219.

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.