U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/16

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 19, 2016

**BY ECF**
Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1650
New York, New York 10007

**MEMO ENDORSED**

p3

Re:   **United States v. Reza Zarrab,**
       **S2 15 Cr. 867 (RMB)**

Dear Judge Berman:

The Government respectfully writes concerning the Court's Order dated December 16, 2016 (the "Order"), directing the Government to "submit to the Court forthwith the written opinion of independent ethics counsel in support of its conclusion(s) regarding conflicts of interest." For the reasons discussed below, to the extent the Order was a direction to the Government to retain an independent ethics expert, we respectfully seek reconsideration or a stay of that portion of the Order. The Government has not retained a legal ethics expert with respect to this matter for two principal reasons.

First, the Government respectfully directs the Court's attention the Second Circuit's recent decision in *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). In *Bernstein*, the Second Circuit disapproved of relying on the opinions of legal-ethics experts, such as the opinion submitted by defense counsel from Professor Stephen Gillers. In *Bernstein*, the court observed:

> [W]e note that defendants rely in large part on the conclusions of their legal-ethics expert made in a declaration filed in the district court. We do not consider arguments based on this declaration because of our longstanding rule that expert testimony on issues of domestic law is not to be considered. *See Amnesty Int'l USA v. Clapper,* 638 F.3d 118, 128 n. 12 (2d Cir. 2011) (holding that the court was "not compelled to accept" a legal-ethics expert's declaration regarding whether an ethical duty had been triggered, because the question was for the court to decide), *rev'd on other grounds,* —— U.S. ——, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013);

Hon. Richard M. Berman  Page 2
December 19, 2016

> *see also Hygh* v. *Jacobs,* 961 F.2d 359, 363 (2d Cir. 1992); *Marx & Co.* v. *The Diners' Club, Inc.,* 550 F.2d 505, 509–11 (2d Cir. 1977).

814 F.3d at 144. The Second Circuit further stated that "[t]o the extent that expert interpretations of the ethical rules are useful, they are better presented in an amicus brief or the parties' citations to treatises, rather than a declaration or affidavit." *Id.* at 144 n.6.

Second, in addition to the Second Circuit's opinion in *Bernstein*, the Government also has not sought an independent ethics opinion because the *Curcio* issue before the Court is distinct from questions concerning the application of the New York Rules of Professional Conduct. As the Court rightly noted at the December 14, 2016 hearing, law professors and the Court have "different fish to fry." (Transcript of December 14, 2016 hearing at 7). Even if, *arguendo*, Kirkland & Ellis ("K&E") were able to limit its representation of the defendant in such a way as to technically satisfy the requirements of the Rules of Professional Conduct, despite also representing eight potential trial witnesses and victims of the defendant's alleged offenses, this would not mean that K&E's proposal sufficiently guarantees the defendant's right to conflict-free counsel under the Sixth Amendment (and the Government submits that it does not). *See, e.g., United States* v. *Daugerdas*, 735 F. Supp. 2d 113, 114 (S.D.N.Y. 2010) (disqualifying counsel on Sixth Amendment grounds where different attorneys from same law firm sought to represent defendant and witness "pursuant to a 'limited representation agreement'" and subject an "ethical wall"); *United States* v. *Rivera*, No. 08 Cr. 1327 (HB), 2009 WL 1059641, at *2 (S.D.N.Y. Apr. 13, 2009), *aff'd*, 571 F. App'x 55 (2d Cir. 2014) (court "must consider multiple conflicts of interest together, rather than in isolation," and possibility that "several potential conflicts of interest that will burgeon into . . . severe and actual conflict" warrants disqualification); *United States* v. *Rahman*, 861 F. Supp. 266, 277 (S.D.N.Y. 1994) (disqualifying counsel who previously represented potential witness and rejecting proposal that other counsel could conduct cross-examination because "[e]ven if such a bizarre scenario were workable—and it is not—any miscalculation of the potential effect of any argument or item of evidence would enable [the defendant] to argue on appeal that his representation had been adversely affected by a conflict of interest"). The record does not support a finding of an effective waiver of the defendant's right to conflict-free counsel because of, *inter alia*, (1) the refusal of at least one other affected client to similarly waive; (2) the defendant's refusal to waive any defenses that rely on a position adverse to the banks; and (3) certain conditions of the bank waivers to which no reasonable defendant would consent.

The Government's analysis will be set forth more fully in the submission due to be filed on December 21, 2016. Accordingly, to the extent the Order was a direction to the Government to retain an independent ethics expert to opine on these matters, the Government respectfully requests the Court to reconsider or stay that Order. If, after reviewing the parties' submissions,

Case 1:15-cr-00867-RMB Document 386 Filed 12/20/16 Page 3 of 3

Hon. Richard M. Berman
December 19, 2016

the Court believes that additional legal ethics opinions are warranted, the Government respectfully requests the opportunity to further address that issue with the Court.

           Respectfully submitted,

           PREET BHARARA
           United States Attorney for the
           Southern District of New York

By:    /s/
    Michael D. Lockard
    Sidhardha Kamaraju
    David W. Denton, Jr.
     Assistant United States Attorneys
    Dean C. Sovolos
     Special Assistant United States Attorney
    (212) 637-2193/6523/2744/2213

cc:  All Counsel (by ECF)

---

*[Handwritten note:]* The parties are encouraged to support their contentions in the strongest way available. If the Gov't elects not to include an independent ethics opinion, that is entirely up to them.

SO ORDERED;
Date: 12/20/16   *Richard M. Berman*
        Richard M. Berman, U.S.D.J.