

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 31, 2017

**FILED BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Reza Zarrab, a/k/a "Riza Sirraf,"* S2 15 Cr. 867 (RMB)

Dear Judge Berman:

    The Government respectfully submits this letter pursuant to the Court's Order dated March 28, 2017 (the "March 28 Order"), and in response to the letter filed on March 30, 2017 (the "March 30 Letter"), by counsel for the defendant, Reza Zarrab. The March 30 Letter contends – without citing any law on point or any specific facts – that the Court should not probe further into the representation of the defendant by the law firms Greenberg Traurig LLP ("Greenberg Traurig") and Debevoise & Plimpton LLP ("Debevoise"). The defense claims that even though Mr. Giuliani and Mr. Mukasey have been retained for a purpose that "relates to the prosecution," and that "may impact the prosecution," the Court need not inquire or know any more about their roles, because Mr. Giuliani and Mr. Mukasey intend not to interact with either the Court or the United States Attorney's Office. *See* March 30 Letter at 1. Putting aside for the moment the curious claim that the defense hopes – through Mr. Giuliani and Mr. Mukasey – to negotiate a disposition of the criminal charges in this case without directly engaging the Office prosecuting the case, their contention that a *Curcio* hearing is unnecessary is both factually and legally wrong.

    **I.**    **Factual Background**

    In its March 28 Order, the Court directed defense counsel to explain Mr. Giuliani and Mr. Mukasey's roles in this matter and gave them the first opportunity, because they are obviously in the best (and unique) position to do so. They have refused. Other than acknowledge that Mr. Mukasey and Mr. Giuliani have been retained by the defendant in a way that "may impact the prosecution," they refuse to provide the Court any other details, asserting the attorney-client privilege and the work-product doctrine.

    Even with the Government's much more limited information, it is apparent that Mr. Giuliani and Mr. Mukasey are trying to play a critical – rather than their claimed "ancillary" – role in this proceeding. Based on representations made by defense counsel to this Office (none of

which were protected by the attorney-client or work-product privilege), the Office understands that Mr. Giuliani and Mr. Mukasey traveled to Turkey some time shortly after February 24, 2017 (when Mr. Giuliani called the Office to inform it of the trip). The Government also understands that on that trip, Mr. Giuliani and Mr. Mukasey met with Turkey's president, Recep Tayyip Erdoğan, to discuss potential ways to facilitate a resolution of the charges against the defendant in this case. According to Mr. Giuliani, in his call to the Office on February 24, he and Mr. Mukasey had informed the Office of the Attorney General that they were taking this trip.

During a meeting with the Office on March 24, 2017 to discuss Mr. Giuliani and Mr. Mukasey's representation and the potential conflicts of interest presented by their participation, defense counsel confirmed that Mr. Giuliani and Mr. Mukasey had indeed traveled to Turkey to meet with President Erdoğan to discuss a possible disposition of this case, and informed this Office that Mr. Giuliani and Mr. Mukasey had sought to meet other officials in the U.S. government outside of this Office to discuss a potential disposition of this case.[1]

As set forth in the Government's initial March 27, 2017 submission to the Court, both Mr. Giuliani's firm, Greenberg Traurig, and Mr. Mukasey's firm, Debevoise, represent or have represented several of the financial institutions alleged to be victims of the defendant's conduct. The Government has furthermore determined, based on a review of publicly available records, that Greenberg Traurig appears to be a registered agent of the Republic of Turkey.[2]

**II.	Discussion**

Based on the facts set forth above, it is indisputable that the Court is entitled to better understand the roles that Mr. Giuliani and Mr. Mukasey have played and intend to play in Mr. Zarrab's defense of the prosecution pending before this Court, and should make inquiries in a *Curcio* hearing to ensure that Mr. Zarrab is fully aware of and waives any potential conflicts that Mr. Giuliani and Mr. Mukasey's representation presents. A defendant has an absolute right under the Sixth Amendment to conflict-free legal representation. *See Wood* v. *Georgia*, 450 U.S. 261, 271 (1981); *United States* v. *Cain*, 671 F.3d 271, 293 (2d Cir. 2012); *United States* v. *Schwarz*, 283 F.3d 76, 90-91 (2d Cir. 2002); *United States* v. *Levy*, 25 F.3d 146, 152 (2d Cir. 1994). When the Court has been informed of the possibility of a defense counsel's conflict of interest, it has a threshold obligation "to investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *Cain*, 671 F.3d at 293; *Levy*, 25 F.3d at 153; *see also United States* v. *Kliti*, 156 F.3d 150, 153 (2d Cir. 1998). If the Court determines that defense counsel has an actual or potential conflict, the Court has a "disqualification/waiver obligation" to determine whether the conflict is so severe that it obligates the Court to disqualify the attorney or whether it is a lesser conflict that can be waived in a hearing pursuant to *United States* v. *Curcio*, 680 F.2d 881 (2d Cir.

---

[1] Mr. Giuliani and Mr. Mukasey were not at the meeting.

[2] *See* Greenberg Traurig, LLP, *Supplemental Statement Pursuant to the Foreign Agents Registration Act of 1938*, Nov. 30, 2016, available at https://www.fara.gov/docs/5712-Supplemental-Statement-20161130-25.pdf.

1982). *See Levy*, 25 F.3d at 153; *Kliti*, 156 F.3d at 153; *see also Cain*, 671 F.2d at 293-94. Indeed, the law "mandates a reversal when the trial court has failed to make an inquiry even though it knows or reasonably should know that a particular conflict exists." *Wood*, 450 U.S. at 273 (internal quotation marks omitted).

Regardless of the severity of the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat* v. *United States*, 486 U.S. 153, 160 (1988). An attorney's conflict of interest "therefore implicates not only the Sixth Amendment right to the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial." *United States* v. *Locascio*, 6 F.3d 924, 931 (2d Cir. 1993).

Based on the information available to the Government, Mr. Giuliani and Mr. Mukasey's efforts are aimed at reaching a disposition in this case. The formality of a notice of appearance does nothing to obviate the concerns presented by potentially conflicted counsel representing the defendant at a critical stage of the proceeding. Nor does it eliminate the Court's obligation to ensure the integrity of the proceedings before it, particularly where the conduct of attorneys not appearing before the Court "may impact" those proceedings. March 30 Letter at 1. Defense counsel's letter contends that *Curcio* proceedings are unnecessary because "Messrs. Giuliani and Mukasey will not be appearing in this Court on behalf of Mr. Zarrab before or during trial, will not be engaging in plea negotiations with the United States Attorney's Office for the Southern District of New York, and will not be involved in the sentencing process should there be a conviction." March 30 Letter at 2. Whether they intend to directly engage with this Office is not relevant to the question of whether a *Curcio* hearing is necessary or appropriate; they admittedly have been retained by Mr. Zarrab on this matter and have represented and intend to represent his interests relating to the prosecution before this Court.

The potential conflict is compounded by the fact – undisclosed by the defense – that Greenberg Traurig appears to be a registered agent of the Republic of Turkey. Insofar as Mr. Giuliani is negotiating with one client of his firm, *i.e.*, the Government of Turkey, on behalf of another client, *i.e.*, the defendant, the Court should also inquire as to whether the defendant understands that the simultaneous representation of both parties may impair Mr. Giuliani's effective representation of the defendant. *See United States* v. *Christakis*, 238 F.3d 1164, 1169 (9th Cir. 2001) (counsel's interest in protecting another client conflicted with defendant's interest in exchanging information inculpating co-conspirator to obtain a reduced sentence).

Given the significance of the defendant's right to conflict-free counsel and the similarity between the current potential conflict and the conflict earlier addressed by the Court regarding Kirkland & Ellis's representation of the defendant, the Government believes that a *Curcio* inquiry is appropriate and necessary. Simply put, both Greenberg Traurig and Debevoise concurrently represent one or more victim banks and a defendant who is criminally charged with defrauding those same banks; moreover, Greenberg Traurig also appears to simultaneously represent the Government of Turkey, with apparently its own strong interest (separate from Mr. Zarrab's) in the proceeding before this Court. As with the earlier *Curcio* proceeding, the Court should require the

defense to provide additional information to enable the Court to consider the scope and potential effects of these conflicts, including the identities of the bank clients of Greenberg Traurig and Debevoise that are alleged to be victims in this case, the scope of Greenberg Traurig's representation of the Turkish Government, and additional information regarding Mr. Giuliani and Mr. Mukasey's representation of the defendant, including when their representation of the defendant began, any purported limitations on their representation of the defendant, any memorialization of those limitations or waivers (*e.g.*, as set forth in engagement or retainer letters), and any conflict waivers that have already been obtained. *Cf.* Dkt. 131 (directing defense counsel to provide additional information regarding representation relevant to *Curcio* inquiry); Dkt. 144 (same); Dkt. 194 (same).

Accordingly, the Government respectfully requests that the Court hold a hearing pursuant to *Curcio* with respect to the potential conflicts of interest of the defendant's counsel.

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

by:   /s/
      Michael D. Lockard
      Sidhardha Kamaraju
      David W. Denton Jr.
        Assistant United States Attorneys
      Dean C. Sovolos
        Special Assistant United States Attorney
      (212) 637-2193/6523/2744/2133

cc:     All Defense Counsel (by ECF)