```
GB3LZARC                    TELEPHONE CONFERENCE
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                                    15 CR 867 (RMB)

REZA ZARRAB,

              Defendant.

------------------------------x

                                 New York, N.Y.
                                 November 3, 2016
                                 3:03 p.m.

Before:

                HON. RICHARD M. BERMAN,

                               District Judge

             APPEARANCES (By Telephone)

PREET BHARARA
    United States Attorney for the
    Southern District of New York
MICHAEL LOCKARD
SID KAMARAJU
    Assistant United States Attorneys

BENJAMIN BRAFMAN
JOSH KIRSHNER
VIET DIHN
EDMUND LaCOUR
    Attorneys for Defendant

1           (In chambers; all counsel appearing via speakerphone)

2           THE COURT:  So I have a couple issues I wanted to go
3  over with you in the nature of pretrial issues and one is
4  actually raised -- indirectly, I guess -- by Ben Brafman.  So
5  going forward, it would be much easier for me to deal with one
6  defense counsel.  I don't know how many times this will come
7  up, but you all need to be thinking about some sort of
8  coordination so I don't get motions from every defense counsel.
9  If I did that, that's all I would be doing from now until the
10 middle of next year.  Not that they're not appropriate, the
11 motions, that is, but it would be helpful and it would be
12 useful if you all had some coordinative counsel function.

13          MR. BRAFMAN:  Your Honor, if it makes life easy, sir,
14 you can direct any inquiries to me.  I will then distribute it
15 to the rest of the team and then sort of try and get one
16 response that we can then report back that is the consensus
17 opinion so that you're not having to do that.

18          THE COURT:  Great.  That would be an excellent
19 solution.  So we'll just consider that that's our M.O. going
20 forward.  Okay?

21          MR. BRAFMAN:  Yes, sir.

22          THE COURT:  So the next issue is this Franks motion
23 that Mr. Dinh has submitted, premotion letter and the proposed
24 motion.  So that's it, I take it, for motions pretrial now that
25 we have this Franks motion in addition to the pending motion?

1    MR. BRAFMAN: Your Honor, I looked at the conference
2    that we had back in June and there was some understanding that
3    as we got closer to trial, in the form of motions in limine,
4    that there might be issues if we couldn't resolve them with the
5    government that we would need to ask your Honor to address.
6    But I think those would be of the form that you might expect
7    prior to trial to try and either keep certain evidence out or
8    coming to some stipulation as to how things will be handled.
9         And the reason I can't give you my word there will not
10   be any additional housekeeping motions is because, you know,
11   and this is not in any way being critical because it's a matter
12   of undertaking, but we just got the last tranche of discovery
13   last week. We got 60,000 emails, which is a lot for us to try
14   and work our way through. So I'm hoping that we have no more
15   substantial email discoveries that we're then going to have to
16   wade through.
17        So right now, sir, other than the motion filed by
18   Mr. Dinh's office, I'm not aware of any substantive motions
19   that we would need to ask your Honor to resolve, but there is a
20   pending protective order issue that while we are hopeful we may
21   be able to resolve with the government, it may eventually
22   require your Honor's intervention as well.
23        I don't think I'm missing anything unless the
24   government wants to mention something.
25        MR. LOCKARD: No. I think we share Mr. Brafman's

1    expectations and understanding that there will be a pretrial

2    schedule for motions in limine and similar trial motions and,

3    like Mr. Brafman, hope to resolve the protective order issues,

4    potentially, but also agree we'll engage the Court if

5    necessary.

6              MR. BRAFMAN:  In terms of the motions in limine,

7    Judge, so as to not burden the Court's schedule, I think once

8    we understand that the case is proceeding to trial and that we

9    have to resolve those issues and cannot resolve them between

10   government counsel and defense counsel, we would then contact

11   chambers and at the Court's convenience either schedule a

12   conference call or an appearance.  But I don't think we need to

13   do that until sometime in early December even though we have a

14   January trial date because we really have not fully gotten our

15   arms around all of the discovery yet despite substantial

16   efforts by a lot of lawyers.

17             THE COURT:  Right.  I got that.  So what you both have

18   said, that works for me.  There would always be the opportunity

19   for motions in limine and I haven't figured out what the date

20   is, as you haven't, but there would be some additional schedule

21   as to pretrial submissions, including jury instructions,

22   motions in limine, verdict sheet, things of that nature.  So,

23   yes, I do contemplate that that normal process will come into

24   play.  It's best not to have that schedule yet because I think

25   what ultimately gets tried and what motions might eventuate

1  would depend on the outcome of the hearing or hearings that are
2  coming up.
3           MR. BRAFMAN:  Yes, sir.  I was going to ask that
4  question primarily of the government, but we currently have a
5  hearing scheduled for November 22 which involves the motion to
6  suppress with respect to the iPhone issues and I think we're
7  supposed to get affidavits from the government early next week
8  from witnesses who may either intend to make available or from
9  witnesses whose testimony might be satisfied by affidavit.  The
10 Court has permitted us to then determine which of those
11 witnesses, if any, we would like to cross-examine live.  And
12 then I think depending on who the witnesses are, we need to
13 talk to the government about the availability of those
14 witnesses, assuming some of them are from the Miami area, for
15 example.
16          So we need to eventually get back to the Court to
17 solidify the 22nd as a hearing date and we hope to be able to
18 conference that among ourselves and the government sometime
19 next week and then we'll obviously alert your Honor's deputy if
20 there's any need to change the date of the 22nd, but we're
21 hopeful that that will not happen.
22          THE COURT:  Okay.  I think I mentioned in an earlier
23 order or some earlier conversation that that date is flexible
24 as far as I'm concerned.  It's really your call, defense and
25 the government, as to when you want to have it.  And I'm going

to add to that and this may impact your calculation and that is that I'm going to do the Franks issues at the same hearing or not the same necessarily -- they're somewhat different issues -- but in the same proceeding. So I'm going to also want affidavits.

And, by the way, the affidavits, the way that works is all the witnesses who are going to be presented, whether they're being presented by the government or the defense, their direct testimony needs to be in the form of those affidavits; and then those witnesses will be available live at the hearing for cross and redirect. So that's everybody's witness and that's everybody who's going to be called to testify at that hearing.

And, similarly, I want to do the Franks issue at that same proceeding. It may take more time or may have to add on to whatever date we ultimately choose if it's different than the 22nd. So anybody who is going to testify at the Franks hearing would also submit affidavits. There will be a little different schedule, obviously. It would be burdensome to require and impossible to require that by November 7, which is currently the date for the affidavits for the hearing that we had contemplated earlier. So factor that into your considerations with respect to November 22.

MR. BRAFMAN: Judge, if I may, sir, we will, and I appreciate your Honor bringing that to our attention. We may,

1   if we may, if that's going to be the case, have to consider an
2   adjournment of the November 22 date.  I'll conference with
3   counsel.  But with respect to the iPhone, the number of
4   witnesses available would be very few and the length of the
5   testimony, I think, would be very short.  The 23rd is for many
6   of the people on the team a travel day because it's the eve of
7   Thanksgiving.  So if we can't finish the hearing on the 22nd,
8   maybe we will do part of it.  Then subject to your Honor's
9   approval reschedule the whole hearing for after the holiday at
10  the Court's convenience.  And I think bringing people up right
11  on the Thanksgiving holiday, if they do have to come here from
12  Miami, is going to be difficult to schedule because very few
13  airline seats available around that time of the year as well.
14          THE COURT:  I understand that and I will be as
15  accommodative as I can.  Just as a heads up for you, I have
16  currently scheduled a trial, three or four defendant trial, to
17  begin on December 5, which is anticipated, I guess, to be a
18  two-week trial.  And I have no reason to believe that that
19  won't go forward.  That's a result of a multidefendant case,
20  all of whom have pled with the exception of the defendants who
21  are scheduled for trial on December 5.  So, anyway, just so you
22  know, those two weeks starting December 5 will probably be a
23  very busy time for me.  But I'm happy to do the hearing as
24  possibly you're suggesting, Ben, either start on the 22nd and
25  then adjourn to another date or move everything and do it, you

1     know, from beginning to end on yet another date.

2              MR. BRAFMAN:  Maybe we can confer with the government
3     early next week after we've gotten the first set of affidavits,
4     confer with them, see how many people we're really talking
5     about and see about their availability and then just inform the
6     Court as best we can what we think makes the most sense and
7     will be the most efficient use of your Honor's time so that
8     we're not delaying the proceedings.

9              THE COURT:  That works fine for me.

10             MR. LOCKARD:  I apologize, your Honor.  That also
11    makes sense to us.  Just a couple issues that we also just
12    wanted to raise in connection with this discussion.

13             THE COURT:  Michael, let me interrupt you for a
14    minute.  I want to give you a couple other scheduling ideas so
15    they may factor into the points you're about to make.

16             So with respect, Mr. Dinh, particularly to the Franks
17    motion, there would be I don't know how many, but that would
18    also be done by affidavit for direct testimony.  And if the
19    dates were not changing, that is to say if we were keeping
20    November 22, I was going to say that those affidavits should be
21    due on November 17.  And I was also going to say that I am
22    accepting the Franks motion for filing.  I don't know exactly
23    what the procedure is, but it's been submitted already.  And I
24    would ask the government to respond to that motion on or before
25    November 14.  So those are two other dates I wanted to give you

1   in the context of a November 22 hearing.

2   　　　　So with that said, Michael, you go ahead.

3   　　　　MR. LOCKARD:  Thank you, your Honor.  So just briefly
4   on the schedule for filing the affidavits on the first
5   suppression motion, we may be requesting Mr. Brafman's consent
6   to adjourn that just by a day or two just because it does
7   involve travel to Florida to prepare those affidavits.  So we
8   think we're going to be close to the 7th, but we're going to
9   request a consent to a one- or two-day adjournment.

10  　　　　MR. BRAFMAN:  We would consent to that, your Honor.

11  　　　　MR. LOCKARD:  We would also like an opportunity to
12  persuade the Court that a hearing is not necessary on the
13  Franks motion, but we'll also be prepared to proceed if the
14  Court is not persuaded it's not necessary.

15  　　　　THE COURT:  I anticipated that.  That's why I asked
16  for the opposition before the date that the affidavits for that
17  hearing would be due, albeit a short window because of the
18  looming November 22 date.  So did that come across from what I
19  said, that the opposition would be due on the 14th.  The
20  affidavits would not be due until the 17th.

21  　　　　MR. LOCKARD:  That's understood.

22  　　　　THE COURT:  It's a short window, but it was designed
23  to allow for consideration of the opposition before we had the
24  affidavits, although, as I say, I recognize it's a very short
25  window.

1   　　　　MR. LOCKARD:  Yes, your Honor.  That's clear.  That's
2   understood.
3   　　　　THE COURT:  Okay.  So really that's it.  So maybe,
4   Ben, what I'm hearing from you is that next week you and the
5   government will meet and confer and if you have a better, more
6   convenient schedule for all of you and that I can do because of
7   my calendar, I'm happy to make adjustments.
8   　　　　MR. BRAFMAN:  We'll certainly confer with the
9   government, your Honor.  I don't know whether it will require a
10  meeting, especially if they need to travel to Miami to prepare
11  witnesses.  But we can do this by telephone and then advise
12  your deputy either by email or schedule another conference call
13  if necessary.
14  　　　　THE COURT:  By the way, I should mention that we don't
15  have Mr. Zarrab on this call.  Is it all right to waive his
16  appearance for this purpose?
17  　　　　MR. BRAFMAN:  Yes, sir.
18  　　　　THE COURT:  Okay.  And, Viet, did you want to add
19  anything from your perspective to the schedule or the dates,
20  the process that we've been talking about?
21  　　　　MR. DINH:  No, your Honor.  Thank you.  My only
22  question we'll work on with the government is the government's
23  opposition is on the 14th, do you have a date other than seven
24  days thereafter for our reply?
25  　　　　THE COURT:  I anticipate that that would come up.  You

1    might want to work that out.  See if you can work that out in
2    the first instance with the government.  You certainly would
3    have that opportunity to do a reply.
4             MR. DINH:  Yes.  Thank you, your Honor.
5             THE COURT:  Okay.  So I think that's it from me.  I
6    guess I will just hold tight and wait to hear from all of you
7    sometime next week or from one of you on behalf of everybody.
8             MR. BRAFMAN:  Thank you very much, sir.
9             THE COURT:  Okay.  Did we leave anything out that
10   anybody can think of?
11            MR. LACOUR:  This is Edmund LaCour with Kirkland
12   Ellis.  One of the other questions we flagged in our letter was
13   the protective order and the fact that the September 2014
14   warrant application could conceivably be covered under the
15   protective order in a way that might raise questions over what
16   could be publicly filed on the docket.  We tried to craft the
17   memorandum of law in a way that would not expose anything that
18   the government might consider sensitive, but if we need to
19   confer with the government about this off-line, we can
20   certainly do that.
21            THE COURT:  Okay.
22            MR. LOCKARD:  We can address that with counsel.
23            THE COURT:  So it may well be -- I'll leave it up to
24   you -- but it may be after you meet and confer, if you come up
25   with a joint plan, although you're probably going to want to

1  touch base with Christine Murray just to make sure the calendar
2  can accommodate it, you might want to submit a joint letter
3  reflecting the dates that you all come up with.  Okay.
4          Great to talk to you.  Thanks a lot.
5          MR. BRAFMAN:  Thank you, sir.
6                              o0o