

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 15, 2020

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Turkiye Halk Bankasi, A.S.</u>,
            S6 15 Cr. 867 (RMB)

Dear Judge Berman:

      The Government respectfully submits this letter in response to the letter from the defendant, Turkiye Halk Bankasi, A.S. ("Halkbank" or the "defendant") dated October 13, 2020 (D.E. 683) (the "Reply Letter"), and the Court's order dated October 14, 2020 (D.E. 684). Halkbank's new arguments do not demonstrate that this Court is divested of jurisdiction, nor do they show that a stay is warranted.

      Halkbank argues that, because the denial of a motion to dismiss a *civil* action based on a claim of foreign sovereign immunity is a collateral order subject to immediate appeal, this Court's denial of Halkbank's motion to dismiss the indictment based on its invocation of the Foreign Sovereign Immunities Act ("FSIA") likewise is immediately appealable and, as a result, this Court is divested of jurisdiction. (Reply Ltr. at 2-3). Halkbank's argument fails, however, because the FSIA simply does not apply in criminal cases. (Oct. 1, 2020 Order at 7). *See United States v. Biggs*, 273 Fed. Appx. 88, 89 (2d Cir. 2008); *United States v. Noriega*, 117 F.3d 1206, 1212 (11th Cir. 1997); *United States v. Hendron*, 813 F. Supp. 973, 975 (E.D.N.Y. 1993); *In re Grand Jury Proceeding*, 752 F. Supp. 2d 173, 179 (D.P.R. 2010); *see also United States v. Pangang Group Company, Ltd.*, 4:11-cr-573-JSW (N.D. Cal. Aug. 26, 2019) (D.E. 1223 at 10) ("This Court finds the reasoning in the *Hendron* case regarding the applicability of the FSIA in criminal cases more persuasive than the reasoning of the Courts that have determined it does apply.") (assuming that, if FSIA applied, so did the commercial-activities exception). Thus, while sovereign immunity provides "an immunity from trial and the attendant burdens of litigation" in *civil* cases, *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990) (quoting *Rush-Presbyterian-St. Luke's Medical Center v. Hellenic Republic*, 877 F.2d 574, 576 n.2 (7th Cir. 1989)), it provides no such immunity from prosecution. Halkbank cannot obtain an interlocutory appeal based on the assertion of a right that does not exist.

The distinction between civil and criminal cases is significant because, in a civil case against an agent of a foreign sovereign, the sole basis for subject-matter jurisdiction is the FSIA, and subject-matter jurisdiction does not exist unless an exception to immunity applies. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989) (explaining how §§ 1330 and 1604 work "in tandem"). In civil cases—the category of cases upon which Halkbank relies—the agent of a foreign state is appealing the denial of immunity and the assertion of jurisdiction. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983). Thus, while Halkbank's appeal on the surface relates to immunity, the appeal is inherently a challenge to the Court's subject matter jurisdiction, and the Second Circuit has long "rejected interlocutory appeals of orders in criminal cases denying dismissal on grounds of subject matter jurisdiction." *United States v. Levy*, 947 F.2d 1032, 1034 (2d Cir. 1991). And, in any event, subject-matter jurisdiction in criminal cases flows from 18 U.S.C. § 3231 rather than the FSIA, *In re Grand Jury Subpoena*, 912 F.3d 623, 628 (D.C. Cir. 2019); and there is no occasion for immunity to arise.

Moreover, as set forth in the Government's letter dated October 13, 2020 (D.E. 682), the Supreme Court has "interpreted the collateral order exception with the utmost strictness in criminal cases." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (internal quotation marks omitted). Halkbank argues that the collateral-order doctrine applies the same in criminal cases as in civil cases (Reply Ltr. at 2), relying on the observation in *Abney v. United States* that the "collateral-order exception is equally applicable in both civil and criminal proceedings." 431 U.S. 651, 659 n.4 (1977). Halkbank is wrong: the fact that the doctrine applies in both contexts does not mean that it applies identically. For one thing, the *Midland Asphalt* Court not only was aware of *Abney*, it repeatedly cited and quoted that decision, *see Midland Asphalt Corp.*, 489 U.S. at 799 & 801; yet readily reaffirmed the strict application of the collateral-order doctrine in criminal cases. *Midland Asphalt* continued a long history of recognition of this principle. "[T]he policy of Congress embodied in [the final-judgment rule] is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation," a "policy [that] is at its strongest in the field of criminal law." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). The "especially compelling reasons" for enforcing the final-judgment rule "in the administration of criminal justice," *Cobbledick v. United States*, 309 U.S. 323, 325 (1940), include the interests of the criminal justice system in the efficient prosecution of cases, the need to protect the community, and the community's moral interests in swiftly bringing culpable parties to justice. *Flanagan v. United States*, 465 U.S. 259, 264 (1984).

Thus, only four exceptions to the final-judgment rule have been recognized in criminal cases: denials of motions to reduce bail, to dismiss on double jeopardy grounds, or to dismiss under the Speech or Debate Clause, *Midland Asphalt,* 89 U.S. at 799; and orders for the forced medication of a defendant, *Sell v. United States*, 539 U.S. 166, 177 (2003). Halkbank's invitation for this Court to expand on the grounds recognized by the Supreme Court should be denied. "[A]lthough the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership." *Will v. Hallock*, 546 U.S. 345, 350 (2006). The bank's argument that its attempt to invoke the FSIA is a claim of a "right not to be tried" that "involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial'" (Reply Ltr. at 2), ignores the Supreme Court's admonition that "claims of a 'right not to be tried'" are to be viewed "with skepticism, if not a jaundiced eye." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994). Such

claims must be based "upon an *explicit* statutory or constitutional guarantee that trial will not occur." *Midland Asphalt*, 489 U.S. at 801 (emphasis added). The FSIA has no "explicit" guarantee that a criminal trial will not occur—indeed, the FSIA does not apply in criminal cases at all, much less provide an "explicit" guarantee that a criminal defendant will not stand trial. "[N]othing in the text of the [FSIA] suggests that it applies to *criminal* procedures." *Hendron*, 813 F. Supp. at 975 (emphasis added). The Supreme Court's holding in *Midland Asphalt* also disposes of Halkbank's argument that, unless it is allowed an interlocutory appeal here, "no interlocutory appeal on immunity grounds would ever be possible." (Reply Ltr. at 3). To the contrary, interlocutory appeals based on claims of immunity derived from "an explicit statutory or constitutional guarantee" are available; interlocutory appeals that are not based on such explicit guarantees, like Halkbank's, are not available.

Thus, it is unsurprising that the only known decision regarding an attempt to obtain an interlocutory appeal from the denial of FSIA immunity in a criminal case resulted in dismissal. *See In re Grand Jury Subpoena*, No. 18-3068 (D.C. Cir. October 3, 2018), and *In re Grand Jury Subpoena*, 912 F.3d 623, 626 (D.C. Cir. 2019). Halkbank attempts to diminish the import of this dismissal by arguing that the decision was filed under seal and "it is impossible to know what that court's reasoning was." (Halkbank Ltr. at 3). But even the docket entry for the order makes clear that the dismissal was for lack of jurisdiction under 28 U.S.C. § 1291 and, accordingly, equally clear that the collateral-order doctrine did not provide appellate jurisdiction.[1]

In addition, Halkbank's reply continues to assume that the mere filing of its notice of appeal requires this Court to conclude that it is divested of jurisdiction. "The divestiture of jurisdiction rule is . . . not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy. . . . Hence, its application is guided by concerns of efficiency and is not automatic." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). "[T]he delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law." *Di Bella v. United States*, 369 U.S. 121, 126 (1962). "Whatever the superficial attractiveness of a *per se* rule that filing of a notice of appeal automatically divests the district court of jurisdiction as to matters covered by the notice, such a rule is subject to abuse, and our application of the divestiture rule must be faithful to the principle of judicial economy from which it springs," and the rule does not permit "a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [the Court of Appeals] the power to do nothing but dismiss the appeal." *Rodgers*, 101 F.3d at 251–52.

---

[1] In *United States v. Pangang Group Company Ltd.*, a defendant alleged to be a Chinese state-owned company appealed the denial of its motion to dismiss the indictment under the FSIA. The Court of Appeals for the Ninth Circuit, *sua sponte*, noted that it "may lack jurisdiction over the appeal because the district court's order, denying appellants' motion for dismissal of the indictment. . . is not appealable as a final judgment or an order that comes within the collateral order doctrine" (Dkt. No. 19-10306 (9th Cir. Sept. 10, 2019) (D.E. 2)) (citing *Midland Asphalt*, 489 U.S. at 798), and directed the parties to brief appellate jurisdiction as well as the merits. The appeal remains pending. In the district court, the parties agreed to vacate trial-related deadlines because the appellate briefing schedule overlapped with the pre-trial briefing schedule, but there has been no general stay and other pretrial litigation has proceeded.

With respect to Halkbank's request for a discretionary stay of proceedings pending appeal (Reply Ltr. at 3-4), that request should also be denied. As an initial matter, Halkbank failed to address any of the stay factors in its first letter, and it is inappropriate to raise new arguments in reply. Halkbank's attempt at sandbagging aside, its request fails on the merits.

In ruling on a stay pending appeal, this Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). "[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *Id.* Each of these factors weighs against the requested stay.[2] *First*, Halkbank has not made a "strong showing that [it] is likely to succeed on the merits." Halkbank has cited *no* case dismissing an indictment on FSIA grounds, and argues for a novel extension of the FSIA that is not supported by the text or legislative history of that Act, or by common sense. *Second*, Halkbank has not shown that it will be irreparably harmed absent a stay. As discussed above, the FSIA provides no explicit guarantee that agents or instrumentalities of foreign states are immune from criminal trials, and Halkbank's FSIA claim can be reviewed on direct appeal. Moreover, Halkbank is free to seek expedited consideration of its appeal. *Third*, a stay would substantially injure the United States and the public interest, which includes, as described above, the swift prosecution of culpable parties, the protection of the community, and the efficient administration of the criminal justice system. Halkbank's repeated efforts at delay through piecemeal appellate proceedings would frustrate these interests and should be denied.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by:   /s/
Michael D. Lockard / Sidhardha Kamaraju / David W. Denton, Jr. / Jonathan Rebold / Kiersten Fletcher
Assistant United States Attorneys

cc: Counsel of record (by ECF)

---

[2] Halkbank's most recent effort to stay these proceedings pending the resolution of its petition for mandamus regarding this Court's recusal motion, based on similar grounds, was denied by the Second Circuit. *In re: Turkiye Halk Bankasi, A.S.*, 20-3008 (2d Cir. Sep. 17, 2020).