

The New York Times
Company

Alexandra Settelmayer
Legal Department

T 917-231-5431

alexandra.settelmayer
@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

July 6, 2026

**MEMO ENDORSED**

*See p 5*

**VIA FEDEX**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312
bermannysdchambers@nysd.uscourts.gov

Re:    *United States v. Zarrab, et al.*, No. 15-cr-867-RMB — Request for
       Unsealing of Records

Dear Judge Berman:

I write on behalf of The New York Times Company and its reporter Ben Weiser (together, "The Times") to respectfully request the unsealing of certain court records pertaining to Defendant Reza Zarrab in the above-referenced case. Although Mr. Zarrab's criminal sentencing is scheduled for July 14, 2026 (Dkt. No. 770), Mr. Zarrab's sentencing memorandum remains sealed from public view. *See* Dkt. No. 775. The Times asks that this record be unsealed, pursuant to the public's right of access to judicial records under both the federal common law and the First Amendment.[1]

---

[1] The right of access is an affirmative public right, and the standing of the press to enforce it is well settled. *See, e.g., Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

1

Background

Mr. Zarrab was indicted on March 21, 2010 (Dkt. No. 1) and was ultimately charged with seven separate criminal counts (Dkt. No. 364), including conspiracy to violate the United States' sanctions against Iran. Mr. Zarrab pled guilty to all seven counts against him on October 26, 2017. He is scheduled to be sentenced on July 14, 2026 (Dkt. No. 770).

Many of the records on the docket pertaining to Mr. Zarrab's criminal proceeding remain entirely under seal, including Mr. Zarrab's sentencing memorandum, filed on June 24, 2026 (Dkt. No. 775).[2]

In filing his sentencing memorandum, Mr. Zarrab failed to provide any justification for sealing in violation of this Court's individual rules. *See* Individual Rule 7 ("If a party seeks to redact or seal information . . . an application to do so must be served and filed with the Court at the time the sentencing memorandum is served . . . The redacted version must be filed on ECF.").[3] Moreover, as discussed at length below, the common law and First Amendment right of access require that this document be released to the public. The Times hereby seeks access to this filing.

The Right of Access to Judicial Records

It is well-established that the public and press have both a common law and First Amendment right of access to judicial records. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597–98 (1978); *In re New York Times*, 828 F.2d 110, 114 (2d Cir. 1987). With Mr. Zarrab's July 14th sentencing fast approaching, it is critical that the public is fully informed at that proceeding. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 127 (2d Cir. 2006) (holding that the First Amendment and common

---

[2] The Times notes that the Government's sentencing memorandum was filed publicly without any redaction. *See* Dkt. No. 778.

[3] Although the Court entered a sealed sealing order on May 5, 2020 (Dkt. No. 707) that may have been narrowed by the parties (*see, e.g.,* Dkt. No. 711), it is not clear that this order would apply to the Mr. Zarrab's sentencing memorandum. In any event, the sealed sealing order does not provide the public with a "specific, on the record findings . . . demonstrating that closure [is] essential to preserve higher values and [is] narrowly tailored to serve that interest" as is required by the First Amendment right of access. *In re N.Y. Times Co.*, 828 F.2d at 116.

law rights of access are contemporaneous rights, and their loss, "for even minimal periods of time, unquestionably constitutes irreparable injury").

Under the common law, any "judicial document" is subject to a presumption of access. *Lugosch*, 435 F.3d at 119. Courts determine the strength of the presumption by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (cleaned up). The presumption (of whatever strength) is then weighed against any countervailing interests. As a result, judicial documents must be released unless countervailing interests require sealing. *See* 435 F.3d at 119.

An additional First Amendment presumption of access attaches to certain judicial documents under the "experience and logic" test derived from *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986). Under that test, when documents have historically been available (experience) and their public disclosure is important to the proper functioning of judicial proceedings (logic), they are subject to an additional, constitutional presumption of access. *Id.* That constitutional presumption may be overcome only by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest"—a higher standard than under the common law. *Id.*; *see also Lugosch*, 435 F.3d at 124 (evaluating sealing under the "more stringent First Amendment framework").

<u>Mr. Zarrab's Sentencing Memorandum Should Be Unsealed</u>

Both First Amendment and common law rights of access require disclosure of Mr. Zarrab's sentencing memorandum that The Times seeks here.

The Second Circuit has explicitly held that "the First Amendment right of access applies to sentencing memoranda and accompanying exhibits" and that these filings "can be sealed *only* if 'specific on the records are

3

made demonstrating that closure is necessary to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. Greenwood*, 145 F.4th 248, 253 (2d Cir. 2025) (citing to *In re N.Y. Times Co.*, 828 F.2d at 116) (emphasis added); *see also United States. v. Alcantara*, 396 F.3d 189, 196–98 (2d Cir. 2005).

Additionally, "[d]ocuments used in aid of sentencing are . . . presumed to be open to the public pursuant to the common law right of public access." *United States v. Johnson*, 2018 U.S. Dist. LEXIS 56853, at *2 (E.D.N.Y. Apr. 3, 2018) (quoting *United States v. Huntley*, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013); *see also United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) (holding that a letter and report submitted in connection with sentencing were judicial documents subject to the common law right of access); *United States v. Munir*, 953 F. Supp. 2d 470, 477 (E.D.N.Y. 2013) ("The qualified right of access to judicial proceedings and documents, protected under the Constitution and common law, extends to materials submitted to the Court in connection with sentencing that the Court is asked to consider.") (cleaned up). In sum, there can be no dispute that Mr. Zarrab's sentencing memorandum is subject to right of access under both the First Amendment and the common law.

Access to sentencing memoranda is critical for public confidence in the judiciary, which "is founded on the fact that the material judges rely on for decision is available to the public." *Huntley*, 943 F. Supp. 2d at 385. The presumption of access is at its apex in the context of sentencing: there is arguably no more weighty exercise of Article III judicial power than the decision to deprive a criminal defendant of their liberty, and the public has a particularly compelling interest in transparency.

Here, Mr. Zarrab failed to provide any explanation for filing the memorandum under seal. Mr. Zarrab, however, must meet his burden in establishing why the public's right of access should be set aside. And, if there are legitimate justifications for withholding certain information from the public (such as safety concerns related to Mr. Zarrab), they should be accomplished through the least restrictive means possible— by narrow and limited redactions that are accompanied by an

explanation that justifies the full scope of the withholdings. *See Greenwood*, 145 F. 4th at 256–57. Finally, The Times notes that to the extent the memorandum was sealed to keep secret Mr. Zarrab's cooperation with prosecutors, that fact has since been disclosed in testimony in open court.[4]

For these reasons, The Times respectfully requests that the sentencing memorandum be unsealed. We thank the Court for its consideration of this matter.

Respectfully submitted,

Alexandra Settelmayer

Received + Dichated

SO ORDERED:
Date: 7/7/26    Richard M. Berman, U.S.D.J.

---

[4] *See* Benjamin Weiser, *Reza Zarrab Testifies That He Bribed Turkish Minister*, N.Y. Times (Nov. 29, 2017), https://www.nytimes.com/2017/11/28/world/europe/reza-zarrab-turkey-iran.html ("As Mr. Zarrab testified against Mr. Atilla, he was asked by a prosecutor why he had decided to help the American authorities. He offered a pragmatic reason. 'Cooperation was the fastest way to accept responsibility and to get out of jail at once.'").